```
            IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**GREGORY LYNN GALES,**

        Petitioner,

    v.                         CASE NO.  09-3096-SAC

**SAM CLINE, WARDEN,**

        Respondent.

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed and the filing fee was paid by an inmate of the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).  Petitioner claims he is being "held illegally."  In support he alleges that no criminal case has ever been filed and no prosecution, conviction, or sentence has occurred.  Instead, he claims he is "in prison on a death certification."  He attaches the death certificate of a Mr. Haskell who died on October 1, 2000, which shows the cause of death as a homicide in Edwards County, Kansas, specifically a "gunshot wound to head" and "gunshot wound to abdomen - contributory." Petitioner has failed to answer any questions in his form Petition regarding exhaustion, and designates many as inapplicable because no state criminal proceedings ever took place.

Contrary to petitioner's bald allegations, records available on-line[1] of offenders in Kansas Department of Corrections institutions indicate that Mr. Gregory Lynn Gales was convicted in Case No. 00CR84 in Edwards County, Kansas, on December 19, 2001, of Murder in the Second Degree (intentional) and Arson Damage of

---

[1] These records are known as KASPER (Kansas Adult Supervised Population Electronic Repository Kansas Criminal Justice Information System).

Other's Dwelling Without Consent. The offense date is listed as September 30, 2000, and Mr. Gales' earliest possible release date is January 26, 2021. In addition, the court takes judicial notice of the records of other cases filed by Mr. Gales in the District of Kansas together with the criminal and collateral proceedings in the Kansas state courts, which reveal the actual procedural history underlying his current confinement.

In State of Kansas v. Gales, 74 P.3d 594 (Kan.App., Aug. 15, 2003, unpublished), Petition for Review denied, App.No. 88321 (Kan. Nov. 12, 2003, unpublished), cert. denied, 541 U.S. 1076 (2004), the Kansas Court of Appeals (KCOA) noted that Mr. Gales was convicted by a jury of arson and intentional second-degree murder of the person named in the death certificate attached to the instant Petition, and that the victim was Mr. Gales' nephew. The offense events included two deputies in Kinsley, Kansas, discovering Mr. Gales' residence on fire, and upon investigation finding his nephew's body inside on the living room floor with gunshot wounds to the head and side. Mr. Gales directly appealed his convictions, which were affirmed by the KCOA, and review was denied by the Kansas Supreme Court and the United States Supreme Court.

In addition, Gales filed a federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this court, which was dismissed without prejudice on September 30, 2004, due to Gales' having failed to exhaust state court remedies on all his claims. Gales v. Bruce, Case No. 04-3300-SAC (D.Kan., Sept. 30, 2004, unpublished). At the time, Gales was advised that the statute of limitations for federal habeas corpus petitions set forth in 28 U.S.C. § 2244 was running and was not tolled during the pendency of premature federal habeas

proceedings. Rather than filing a state post-conviction motion to exhaust that would have tolled the limitations period, Mr. Gales sought appellate review of this court's order dismissing his § 2254 petition. The Tenth Circuit denied a certificate of appealability and dismissed the appeal. Gales v. Bruce, 136 Fed.Appx. 179 (10th Cir. June 21, 2005, unpublished). While this appeal was pending, the limitations period expired on June 1, 2005[2]. See Gales v. Morrison, 2008 WL 185794 (D.Kan. Jan. 18, 2008, unpublished).

In 2006, petitioner sought post-conviction relief in the state courts, where relief was finally denied in 2007. Then in November, 2007, he filed another petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. This petition was dismissed by this court as time-barred. Gales v. Morrison, 2008 WL 1925067 (D.Kan. May 1, 2008, unpublished), appeal dismissed, No. 08-3124 (10th Cir. July 1, 2008, unpublished). Thus, it is clear that Mr. Gales is not being held without conviction or sentence and only upon the death certificate attached to his Petition. The court concludes petitioner fails to allege any credible facts that would entitle him to federal habeas corpus relief.

However, this action must be dismissed for another reason. Under 28 U.S.C. § 2244(b)(3)(A), a second or successive § 2254 habeas petition may be filed in the district court only if the applicant first obtains an order from the appropriate federal court of appeals authorizing the federal district court to consider the

---

[2] Petitioner thereafter filed two complaints under 42 U.S.C. § 1983 attempting to obtain his release from confinement, which were denied. Gales v. Morrison, 2008 WL 195794 at *1, (citing Gales v. Meeks, Case No. 05-3321-SAC (D.Kan., Aug. 11, 2005, unpublished), appeal dismissed, Case No. 05-3322 (10th Cir. Apr. 3, 2006); and Gales v. Gatterman, Case No. 06-3330-SAC (D.Kan., Jan. 12, 2007), aff'd, Case No. 07-3022 (10th Cir. June 11, 2007).

3

petition.  Id.("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); Gray v. Mullin, 171 Fed.Appx. 741, **1 (10th Cir. 2006).  This statutory requirement for prior authorization is jurisdictional.  See 28 U.S.C. § 2244(b)(3)(A); see also Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997)(per curiam)("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals."); White v. Sirmons, 2009 WL 57094 (W.D.Okla. 2009).  Because the instant Petition obviously is a successive application for habeas corpus relief, and because there is no indication that petitioner has obtained the necessary authorization from the United States Court of Appeals for the Tenth Circuit, this court is without jurisdiction to consider the merits.

Judge Russell noted in White:

> Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631[3], often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b).

White, 2009 WL 57094 at *4 (citing Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).  The Tenth Circuit has now instructed that Coleman "should not be read to limit the traditional

---

[3]   Section 1631 provides in relevant part:

Whenever a civil action is filed ... and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed. . . .

Id.

discretion given to district courts under § 1631." <u>In re Cline</u>, 531 F.3d 1249, 1252 (10th Cir. 2008). Instead, the district court pursuant to § 1631 may either transfer the action to the Tenth Circuit for prior authorization if it is in the interest of justice to do so, or dismiss the action for lack of jurisdiction. <u>Id</u>.

As to instant action, the court finds that the interest of justice would not be served by transferring this action to the Tenth Circuit Court of Appeals, and that it should instead be dismissed. The procedural history discussed herein shows that petitioner's claim has no merit whatsoever;[4] and in any event, that this action is time-barred[5]. <u>See</u> <u>In re Cline</u>, 531 F.3d at 1251.

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for lack of jurisdiction and for failure to state a claim.

**IT IS SO ORDERED**.

Dated this 20th day of May, 2009, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[4] Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. <u>White</u>, 2009 WL 57094, *5 (citing <u>In re Cline</u>, 531 F.3d at 1252).

[5] Petitioner does not identify any circumstances that would warrant tolling the statute of limitations.

5